**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOSE ANDRES MARQUEZ MARQUEZ,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

**CASE NO.** 5:26-CV-03906-CTS

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I. BACKGROUND

On July 14, 2026, Petitioner Jose Andres Marquez Marquez ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally id.*)

On August 25, 2026, the Court granted in part the Petition and enjoined Respondents from continuing to detain Petitioner unless they provided him with a bond hearing within seven days of the Court's order. (ECF No. 10.) The Court

further ordered that the parties file a joint status report within 14 days of the Court's order discussing the results of any bond hearing "and address[ing] the question of whether the remainder of the Petition has been rendered moot." (*Id.* at 6.)

On September 8, 2026, the parties filed a joint status report stating that Petitioner received an individualized bond hearing where the immigration judge ("IJ") denied bond after finding "that the Department met their burden by clear and convincing evidence to demonstrate that [Petitioner], if released, poses a danger to the community." (ECF No. 11, at 7.) Respondents' position is that the Petition is moot in its entirety. (ECF No. 11, at 4.) Petitioner argues that the Petition is not moot because the IJ's bond hearing did not remedy "ICE['s] due process violation in failing to provide pre-detention process," and that immediate release is the appropriate remedy. (ECF No. 11, at 2–3.) The Petitioner does not argue in the joint status report that any other claims in the Petition remain. The Court thus turns to the Petition's remaining procedural due process claim and DENIES the remainder of the Petition.

## II. DISCUSSION[1]

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). Courts generally apply the three-part test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), to determine what procedures are

[1] As the parties are familiar with the facts, the Court does not recite them here.

constitutionally sufficient to protect a liberty interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) ("assuming without deciding" that *Mathews* applied and applying test in immigration detention context). Under that test, courts consider (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

First, the Court considers Petitioner's private liberty interest in remaining out of immigration custody. Petitioner entered the United States without inspection in May 2010, and has been continuously present since then. (Pet. ¶¶ 16–17.) Petitioner has a young daughter who is a United States citizen. (*Id.* at ¶ 17.) Petitioner states that "he has lived at a stable address and has worked hard to support himself and his family." (ECF No. 11, at 2.) However, Petitioner has never been paroled by immigration officials and thus does not have the strong liberty interest that may be applicable to noncitizens who have received parole. *Orozco Vasquez v. Santacruz*, No. 5:26-CV-04829-ADS, 2026 WL 3416054, at 2 (C.D. Cal. Nov. 10, 2026) (holding that "Petitioner's liberty interest is diminished because he entered the United States without inspection and was not previously released by immigration officials").

As to the second *Mathews* factor, the risk of erroneous deprivation of Petitioner's liberty is lower than that of someone who was paroled and already found not to pose a flight risk or danger to the community. *See Ryakhovskiy v Santacruz*, No. 2:26-CV-09123-BFM, 2026 WL 2584960, at *2 (C.D. Cal. Aug. 31, 2026) (weighing the *Mathews* factors for a noncitizen visa overstay). Further, the procedures used in this case mitigate whatever risk of erroneous deprivation still exists. On September 1, 2026, Petitioner received a bond hearing while in

detention where the IJ found that DHS had shown by clear and convincing evidence that defendant posed a danger to the community. ("IJ Order," ECF No. 11, at Ex. A.) Specifically, the IJ cited to Petitioner's "extensive, recent, and serious criminal history," in denying bond. (IJ Order, 1.) Petitioner could appeal that denial of bond to the Board of Immigration Appeals ("BIA") or, on a question of law or constitutional question, seek relief from the federal courts. *See Rodriguez Diaz*, 53 F.4th at 1202, 1209 (describing the "extensive procedural protections" of § 1226(a) and its implementing regulations). On these facts, the "existing agency procedures sufficiently protected [Petitioner's] liberty interest and mitigated the risk of erroneous deprivation." *Id.*

With respect to the final *Mathews* factor, the Ninth Circuit has recognized that distinct considerations apply to immigration detention, where the due-process inquiry "can and must account for the heightened governmental interest." *Rodriguez Diaz*, 53 F.4th at 1206. The Supreme Court opined that courts "must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Id.* at 1208 (quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)). Thus, even though Petitioner has a liberty interest here, it is outweighed in this case by the government's interest "of the highest order," in enforcing immigration laws, particularly "when it comes to determining whether removable aliens must be released on bond during the pendency of removal proceedings." *Rodriguez Diaz*, 53 F.4th at 1208.

Because the balance of the *Mathews* factors reflect that the procedures in Petitioner's case are sufficient for due process, the procedural due process claim he argues was not mooted by his receipt of a bond hearing is DENIED.[2]

---

[2] Had Petitioner reasserted in the Joint Status Report the other claims raised in the Petition, the Court would deny those claims as well. Even assuming a warrantless arrest, Petitioner must still demonstrate that his present detention is unlawful for

## III. CONCLUSION

IT IS THEREFORE ORDERED THAT: (1) the remainder of the Petition is DENIED; and (2) Judgment shall be entered accordingly.

DATED: November 19, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE

---

habeas relief. *See Oh v. Santacruz*, No. 5:26-cv-05472-SB-MBK, 2026 WL 3073655, at *1 (C.D. Cal. Oct. 13, 2026) (denying habeas relief where the petitioner alleged a warrantless arrest because an IJ found that petitioner was a flight risk). The IJ found that Petitioner was a danger to the community based on his criminal history, and denied bond accordingly. Petitioner's present detention is thus lawful and habeas relief is not available. Petitioner's substantive due process and Administrative Procedures Act claims also fail because the IJ's bond denial on the basis of danger provided a nonpunitive and non-arbitrary justification for confinement that has not become excessive in relation to its purpose.